IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Donald C. Kupperstein,<br>               Plaintiff<br><br>v.<br><br>Charles D. Baker in his official capacity as<br>Governor of Massachusetts,<br><br>Richard J. McMahon,<br><br>Marylou Sudders, Secretary of the Executive<br>Office of Health and Human Services,<br><br>Daniel Tsai, Director of the Office of Medicaid,<br><br>Rhonda MacLeod and Austin McHoul,<br>               Defendants | Case No.: 1:20-cv-11868-FDS |

**MOTION FOR CERTIFICATION OF QUESTIONS OF LAW**

Now comes the plaintiff, Donald C. Kupperstein, who asks this Honorable Court to certify questions of law to the Massachusetts Supreme Judicial Court ("SJC") pursuant to Section 1 of SJC Rule 1:03: Uniform Certification of Questions of Law.

Kupperstein's Verified Complaint states that "Kupperstein moved Bristol Probate that it lacked subject matter jurisdiction over real estate ("Property") upon allowance of a will which devised the Property and the subsequent conveyance of the Property from the Devisee in an arms-length transaction for value and in good faith. [Judge] McMahon denied Kupperstein's motion without comment or report. Kupperstein asks this honorable court to certify those

questions of law to the SJC pursuant to Section 1 of Rule 1:03: Uniform Certification of Questions of Law.  *Complaint*. (*Dkt. 6 at ¶ 27*).

**RECOMMENDED QUESTION TO BE CERTIFIED**

A civil action filed with the United States District Court for the District of Massachusetts seeks, among other things, relief under the Massachusetts Tort Claims Act, M.G.L. c. 258 §2; relief for injury and harm resulting from deprivation of rights pursuant to 42 U.S.C. § 1983; , and relief for injury and harm resulting from abridgement of privileges guaranteed to the plaintiff under the fourth, fifth, and fourteenth amendments to the United States Constitution, including deprivation of his liberty and property under color of law and without due process of law. The relief sought would preclude enforcement of civil contempt judgments entered in a Massachusetts state court.

A prerequisite to affording the requested relief is a determination that a judgment of the Massachusetts Probate and Family Court Department of the Trial Court was void *ab initio* for want of subject matter jurisdiction over real property distributed and subsequently conveyed in an arms-length transaction for value and in good faith. We look to state law on this determination, and find no controlling precedent subsequent to the passage of the Massachusetts Uniform Probate Code, effective March 31, 2012. In order to determine whether a reasonable basis existed for that probate court's implicit finding that it had jurisdiction, we certify the following four questions to the Supreme Judicial Court of Massachusetts:

Fred W. Kuhn, who received Medicaid Benefits under G. L. c. 118E, died on September 17, 2013, and his will devised all of his real estate (the "Property") to his only daughter Carol A. Thibodeau ("Thibodeau"), and on January 21, 2014 a Petition for Formal Probate of Will with Appointment of Personal Representative was filed in Bristol County Probate and Family

Department of the Trial Court ("Bristol Probate") by Thibodeau; and a Decree and Order on Petition for Formal Adjudication was signed and approved by a Justice of Bristol Probate on March 27, 2014, whereby Thibodeau was approved as Personal Representative ("PR") to administer the Estate of Fred W. Kuhn ("Estate of Kuhn"); and, Kuhn's will was allowed and admitted to probate; and, on April 3, 2014, Letters of Authority was sent by Bristol Probate to Thibodeau notifying her that:

(a) she was appointed as PR; (b) she was to administer the estate as PR without supervision; (c) her bond was approved, and; (d) her father's will was allowed and admitted to probate.

I. Whether, pursuant to G.L. c.190B, § 3-101 or otherwise, allowance of the will made Thibodeau the owner of her late father's real estate?

II. Whether, allowance of the will authorized Thibodeau to distribute the Property to herself, individually, pursuant to G.L. c.190B, § 3-709(a) or otherwise?

III. Whether, when on November 21, 2014, Thibodeau conveyed the Property to Thomas E. Sheedy *qua* Trustee of Reservoir Street Realty Trust in an arms-length transaction for value and in good faith; and, the deed to the Property was duly recorded with the Bristol Northern District Registry of Deeds on November 24, 2014, Bristol Probate no longer had subject matter jurisdiction over the Property after that deed was recorded?

IV. Whether, where a decedent received Medicaid benefits under G. L. c. 118E, and the division of medical assistance did not commenced an action on such division's claim for recovery until July 7, 2015 under G. L. c. 190B, § 3-803(a), G. L. c. 190B, § 3-803(f), G. L. c. 118E, § 31 and §32, or otherwise, absent a finding of fraud or a written agreement to assume liability, is there any authorization, in G. L. c. 190B, § 3-909, § 3-1004, and § 3-1006 which would permit such division to hold liable a subsequent owner of the Property, Thomas E.

Sheedy *qua* Trustee of Reservoir Street Realty Trust, or any subsequent owner of the Property, as a distributee of property improperly distributed or paid, or as a person responsible for Kuhn's debt or the Estate of Kuhn's debt to such division?

This court certifies that these questions may be determinative of a cause of action in this case and that it appears there is no controlling precedent in the decisions of the Supreme Judicial Court. We would also welcome any additional observations about relevant Massachusetts law the SJC may wish to offer. We note that the parties have not briefed to this court the questions certified.

We shall await your reply with interest and appreciation.

**INVOKING THE RULE**

Section 2 of SJC Rule 1:03: Uniform Certification of Questions of Law provides, in pertinent part, that this rule may be invoked by an order of the United States District Court upon that court's own motion or upon the motion of any party to the cause.

The status of pleadings and motions in the instant case may inform the appropriate time to issue the certification order. In Kupperstein's certification regarding local rule 7.1, he states "I hereby certify that I attempted in good faith to resolve or narrow the issues presented by sending on March 17, 2021 a copy of this motion by email to Attorney Michael P. Beers (*Appearance at Dkt. 13*) and to Attorney Doyle C. Valley (*Appearance at Dkt. 12*) who represent defendant Austin McHoul.  I indicate my intention to file the motion on March 24, 2021.   Attorney Mark Johnson filed a motion to dismiss on behalf of defendant Rhonda MacLeod (*Dkt. 9*), so I am sending him a copy of this motion by email.   No other defendant or counsel has filed an appearance in the above-captioned action.   Attorney Tonie Ryan, AGO, sent me an email indicating that she would be representing the remaining defendants (Gov. Baker, Sudders, Tsai,

and McMahon).  As of March 17, 2021, she has not filed an appearance, and those defendants have neither answered the complaint nor otherwise defended.  I have moved to default those defendants *(Dkt. 11, 16, 17 and 18)*.  I have emailed a copy of this motion to Attorney Ryan."

Kupperstein believes the certification order should be issued as soon as possible, and a copy of his complaint (*Dkt. 6*) should be provided to the SJC.

By analogy, "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order". 28 U.S.C. §1292(b)

Wherefore the plaintiff Donald C. Kupperstein prays that his Motion for Certification of Questions of Law be allowed, and that a Certification Order promptly issue.

Respectfully submitted,

*/s/ Donald C. Kupperstein*

Donald C.  Kupperstein
BBO No. 543683
704 Foundry Street
(508) 230-0363
dkupperstein@comcast.net

Dated: March 24, 2021

**AFFIDAVIT AND VERIFICATION**

I, Donald C. Kupperstein, being of sufficient age, and upon personal knowledge, upon oath and under penalty of perjury do hereby swear and affirm that the statements in the foregoing Motion are true and correct.

Sworn upon penalty of perjury on March 24, 2021 at South Easton, MA

*/s/ Donald C. Kupperstein*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that I attempted in good faith to resolve or narrow the issues presented by sending on March 17, 2021 a copy of this motion by email to Attorney Michael P. Beers (*Appearance at Dkt. 13*) and to Attorney Doyle C. Valley (*Appearance at Dkt. 12*) who represent defendant Austin McHoul.   I indicate my intention to file the motion on March 24, 2021. Attorney Mark Johnson filed a motion to dismiss on behalf of defendant Rhonda MacLeod (Dkt. 9), so I sent him a copy of this motion by email, and he has acknowledged compliance with Local Rule 7.1.    No other defendant or counsel has filed an appearance in the above-captioned action. Attorney Tonie Ryan, Office of the Massachusetts Attorney General, sent me an email indicating that she would be representing the remaining defendants (Gov. Baker, Sudders, Tsai, and McMahon).  As of March 17, 2021, she has not filed an appearance, and those defendants have neither answered the complaint nor otherwise defended.  I moved to default those defendants *(Dkt. 11, 16, 17 and 18)*.   I have emailed a copy of this motion to Attorney Ryan.

/s/ Donald C. Kupperstein

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2021, I served a true copy of the above Motion on all parties by the Electronic Court Filing System (ECF) of the United States District Court for the District of Massachusetts, and/or by email to their counsel.

/s/ Donald C. Kupperstein